MATTER OF CRUZ

In DEPORTATION Proceedings

A-11775487

*Decided by Board February 21, 1963*

Respondent, born in Saipan May 5, 1933, has no claim under the Organic Act of Guam (August 1, 1950) to citizenship through his noncitizen national father by reason of the latter's birth in Guam in 1904, since under this provision of law citizenship does not extend to the children of the persons described therein.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude after entry, to wit, petit theft and worthless checks.

An order entered by the special inquiry officer on December 3, 1962 terminates the above-captioned proceeding and certifies the case to the Board of Immigration Appeals for final decision. Termination is based primarily on a finding by the special inquiry officer that alienage has not been established. The Service representative has submitted a memorandum of law in support of his contention that the respondent has no claim to United States citizenship under the Organic Act of Guam enacted August 1, 1950 (64 Stat. 384). The Service representative suggests that the case be remanded to the special inquiry officer for further consideration following a ruling on the issue of alienage by the Board of Immigration Appeals.

### The Issue of Alienage

We will briefly review the facts concerning the issue of the respondent's nationality. The respondent was born May 5, 1933 on Saipan, Mariana Island, now a Trust Territory under the administrative jurisdiction of the United States. His father was born of Guamanian parents on the island of Guam, June 10, 1904 (Ex. 4). The respondent's father was taken by his parents to the island of Saipan "sometime in 1912" (Ex. 4). He, the respondent's father, resided on Saipan

from 1912 until his death on May 19, 1950 except for a 30-day visit to Guam in 1932 (Ex. 4). The respondent's mother, a native of Saipan, married the respondent's father in Saipan on October 17, 1925 (p. 5 & Ex. 4).

A person born in Guam on or after April 11, 1899, and prior to January 13, 1941, became a noncitizen national of the United States at birth if his father at the time of such birth was an American non-citizen national (*Matter of S—*, 3 I. & N. Dec. 589, B.I.A., April 26, 1949). The respondent's father acquired noncitizen nationality at birth since the record shows that the respondent's grandfather was Guamanian at the time of the birth of the respondent's father on June 10, 1904 (Ex. 4).

The special inquiry officer concludes that the respondent derived United States citizenship through his noncitizen national father under the provisions of the Organic Act of Guam [1] notwithstanding the fact that the respondent's father died on May 19, 1950, some two and one-half months prior to the enactment of the said Act on August 1, 1950. The special inquiry officer reasons that if the respondent's father were alive on August 1, 1950 he (the respondent's father) would have acquired United States citizenship. The special inquiry officer maintains that the death of the respondent's father does not affect the respondent's United States citizenship because as a child of a person born on the island of Guam subsequent to April 11, 1899 and as one who was residing on the island on the date of enactment of the Organic Act he (the respondent) derived United States citizenship pursuant to paragraphs (a) and (b) of section 206 of the Nationality Act of 1940 (8 U.S.C. 606—1950 Edition) (see Appendix A).

Section 206(a) of the Nationality Act of 1940 declares two classes of persons and their children born after April 11, 1899 to be citizens of the United States provided they were residing on the island on August 1, 1950. The respondent does not qualify under paragraph (a) of section 206 (*supra*) because (1) he is not a child of a Spanish subject who was an inhabitant of the island of Guam on April 11, 1899 nor is he (2) the child of a person "born in the island of Guam who resided in Guam on April 11, 1899." The respondent's father was born on Guam on June 10, 1904, some five years subsequent to the cutoff date of April 11, 1899. Furthermore, the respondent's father gained nothing under section 206(a) (*supra*) because he was deceased on the date of the enactment of the Organic Act and according to the record had not resided on Guam since 1912 except for a temporary visit of 30 days in 1932 (Ex. 4).

---

[1] Section 4(a) of the Organic Act of Guam (64 Stat. 384) has been set forth in Appendix A.

Paragraph (b) of section 206 (*supra*) declares a third class of persons to be citizens of the United States, to wit, "all persons born in the island of Guam on or after April 11, 1899 . . . subject to the jurisdiction of the United States" provided such person if born before the date of enactment of the Act had "taken no affirmative steps to preserve or acquire foreign nationality." The respondent does not derive citizenship through his father under this provision because it does not extend to the children of the persons described therein. We conclude that the respondent, born in Saipan, has no claim to derivative citizenship under the Organic Act of Guam (Appendix A) by reason of his father's birth in Guam in 1904.

The question arises as to whether the respondent was born a noncitizen national of the United States. Prior to the effective date of the Nationality Act of 1940, January 13, 1941, there were no statutory provisions regulating the status at birth of children born outside of the United States, its territories, and possessions to noncitizen nationals of the United States. Section 204(b) of the Nationality Act of 1940 [2] provided in substance that a person born outside of the United States and its outlying possessions on or after January 13, 1941 "of parents both of whom are nationals, but not citizens of the United States" who previously had resided in the United States or one of its outlying possessions, became nationals but not citizens of the United States at birth. This provision of the Nationality Act of 1940 does not affect the respondent because he was born prior to January 13, 1941 and according to the record his mother was not a national of the United States.

### The Issue of Deportability

The respondent has been charged with deportability under section 241(a) (4) of the Immigration and Nationality Act (8 U.S.C. 1251(a) (4)) in that he has been convicted of two crimes involving moral turpitude after entry, to wit, petit theft and "making, drawing and passing certain worthless checks." These charges were not fully developed by the special inquiry officer because he concluded that alienage had not been established. Furthermore, it appears that the trial attorney for the Immigration Service shared the special inquiry officer's belief with regard to the respondent's citizenship (p. 12).

The Service representative suggests that the case be remanded to the special inquiry officer for further evaluation of the deportation charge in light of the Board's ruling with regard to the respondent's alienage and to afford the respondent an opportunity for the submis-

---

[2] 8 U.S.C. 604(b), 1940 Edition, now 8 U.S.C. 1408.

sion of additional evidence on the issue of his citizenship and his deportability. We will so order.

**ORDER:** It is directed that the case be remanded to the special inquiry officer for the purposes stated in the foregoing opinion.

## APPENDIX A

Sec. 4. (a) Chapter II of the Nationality Act of 1940, as amended, is hereby further amended by adding at the end thereof the following new section:

Sec. 206. (a) The following persons, and their children born after April 11, 1899, are hereby declared to be citizens of the United States, if they are residing on the date of enactment of this section on the island of Guam or other territory over which the United States exercises rights of sovereignty:

    (1) All inhabitants of the island of Guam on April 11, 1899, including those temporarily absent from the island on that date, who were Spanish subjects, who after that date continued to reside in Guam or other territory over which the United States exercises sovereignty, and who have taken no affirmative steps to preserve or acquire foreign nationality.

    (2) All persons born in the island of Guam who resided in Guam on April 11, 1899, including those temporarily absent from the island on that date, who after that date continued to reside in Guam or other territory over which the United States exercises sovereignty, and who have taken no affirmative steps to preserve or acquire foreign nationality.

(b) All persons born in the island of Guam on or after April 11, 1899 (whether before or after the date of enactment of this section), subject to the jurisdiction of the United States, are hereby declared to be citizens of the United States: *Provided,* That in the case of any person born before the date of enactment of this section, he has taken no affirmative steps to preserve or acquire foreign nationality.

(c) Any person hereinbefore described who is a citizen or national of a country other than the United States and desires to retain his present political status shall make, within two years of the date of enactment of this section, a declaration under oath of such desire, said declaration to be in form and executed in the manner prescribed by regulations. From and after making of such a declaration any such person shall be held not to be a national of the United States by virtue of this Act.